UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-10070-CIV-MARTINEZ/SANCHEZ

PENNY PHELPS,

    Plaintiff,

v.

SHERIFF RICK RAMSAY, in his Official and
Individual capacities, CARA HIGGINS,
LAUREN JENAI, and FRANKLIN TUCKER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT RAMSAY'S MOTION FOR BILL OF COSTS

This matter is before the Court on the Motion for Bill of Costs filed by Defendant Sheriff Rick Ramsay ("Defendant" or "Ramsay"), ECF No. 167. On February 7, 2022, the Court granted in part Ramsay's Motion to Dismiss (ECF No. 49), and on March 30, 2023, the Court granted Ramsay's Motion for Summary Judgment as to all claims asserted against him (ECF No. 164).[1] Ramsay subsequently requested $7,847.99 in taxable costs under 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and Local Rule 7.3(c). The Plaintiff has filed no response in opposition to Defendant Ramsay's request.[2] After careful consideration of the motion, Defendant Ramsay's Memorandum in Support of Bill of Costs (ECF No. 168), the record, and the applicable

---

[1] On July 3, 2024, the United States Court of Appeals for the Eleventh Circuit affirmed that decision, issuing its mandate on August 16, 2024 (ECF No. 177).

[2] As of the date of this Report and Recommendation, Plaintiff has in no way responded to nor addressed Defendant's Motion. The only evidence of Plaintiff's position appears in the Motion's Certificate of Good Faith Compliance, which states that "Plaintiff's counsel has not yet responded to advise of the Plaintiff's position as to the costs requested in the Bill of Costs." ECF No. 168 at 6. On this basis alone, the Court may deem Plaintiff's failure to respond "sufficient cause for granting the motion by default." *See* S.D. Fla. L.R. 7.1(c).

law, and otherwise being fully advised in the premises, the undersigned **RESPECTFULLY RECOMMENDS** that Defendant's Motion for Bill of Costs, ECF No. 167, be **GRANTED IN PART AND DENIED IN PART**.

## I. LEGAL STANDARD

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54 "creates a presumption in favor of awarding costs to the prevailing party." *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991).

District Courts may tax as costs the following:

(1) Fees of the Clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title; [and]
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). "When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1332 (S.D. Fla. 2009).

## II. ANALYSIS

Here, Judge Martinez dismissed claims against Ramsay and entered summary judgment in favor of Ramsay and against Plaintiff on all of the remaining claims against Ramsay. ECF Nos.

2

49, 164. As the prevailing party, Defendant seeks $7,847.99 for the following costs: $7,108.79 for costs associated with printed or electronically recorded deposition transcripts; $160.05 for hearing transcript costs; and $579.15 for exemplification and costs associated with making copies of "for use during preparation of the summary judgment filing and for preparing exhibits to be used at trial."[3]  ECF No. 167 at 1, 3; ECF No. 168 at 5.  The Court examines each category in turn.

**1.  Fees for Printed or Electronically Recorded Deposition Transcripts**

Costs for deposition transcripts and deposition costs are taxable under 28 U.S.C. § 1920(2) if they were "necessarily obtained for use in the case." *EEOC v. W & O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000); *see also Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258 (S.D. Fla. 2013).  "In determining the necessity of a deposition, the deposition must only appear to have been reasonably necessary at the time it was taken, regardless of whether it was ultimately used at trial." *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015) (citing *EEOC*, 213 F.3d at 620-21).

Defendant seeks $7,092.12 in fees for deposition transcripts.  Defendant contends that the transcripts were reasonably obtained because they were depositions of the Plaintiff, named defendants, or were noticed by Plaintiff and necessary to defend the case.  *See* ECF No. 168 at 3-4.  Defendant also provides individual justifications for ordering each transcript.  *See id.* at 3-5.

The Court finds that Defendant's uncontested explanations have established that the

---

[3] The undersigned has carefully reviewed the invoices attached to the Bill of Costs.  *See* ECF No. 167 at 4-12.  With the Bill of Costs, Defendant provided a breakdown of fees for deposition and hearing transcripts that totals $7,268.84 ($7,108.79 for deposition transcripts and $160.05 for hearing transcripts).  *See id.* at 3.  However, the total of the attached invoices for the deposition transcripts, when broken down by line item, is actually $7,092.12, which is $16.67 lower than the amount Defendant claims.  Accordingly, the remainder of this Report and Recommendation will use $7,092.12 as the amount sought for deposition transcript fees.  *See Levesque v. GEICO*, Case No. 15-14005-CIV-MARRA/MAYNARD, 2022 WL 1667409, at *1 n.2 (S.D. Fla. Mar. 5, 2022).

depositions would have been necessary at the time they were taken and that the transcripts were "necessarily obtained for use in the case." *EEOC*, 213 F.3d at 620-21. Plaintiff has filed no objection to Defendant's request, and Defendant has provided the relevant court reporter invoices, ECF No. 167 at 4-12. The Court, thus, finds that Defendant is entitled to recover the fees for those transcripts and for court reporter appearances. These are necessary fees and were not incurred for the mere convenience of counsel.

Although the Court does generally find that Defendant is entitled to recover the court reporter attendance fees and transcript costs, the invoices list some fees that are not recoverable under Section 1920.

Defendant seeks reimbursement for fees incurred for: (1) litigation support ($48); (2) processing/compliance ($329.97); (3) expedited transcripts ($292.40); (4) surcharge, condensed, or word-indexed transcripts ($319.31); (5) exhibit costs ($96.75); (6) witness read-and-sign services ($25); (7) electronic delivery and PDF files ($63); (8) shipping ($27.50); and (9) other uncategorized reasons ($33.33).[4]

"Where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *EEOC*, 213 F.3d at 620. Thus, "miscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable because they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case." *Sloan v. Miami-Dade Cnty.*, Case No. 1:18-CV-21517-SCOLA/LOUIS, 2020 WL

---

[4] Specifically, for item (9), one invoice provided by Ramsay, *see* ECF No. 167 at 12, includes $33.33 in charges with no corresponding line item. Although it appears from the invoice that the fee may be for either processing and compliance or a witness read-and-sign packet, neither of such fees would be recoverable. *See infra*. In any event, the Court cannot award Ramsay costs for an undescribed, unknown category of fees.

5902486, at *3 (S.D. Fla. Jan. 24, 2020) (citing *Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012)); *see also, e.g.*, *Blanco v. Samuel*, No. 21-CV-24023, 2023 WL 4160667, at *4, *7 (S.D. Fla. Apr. 14, 2023) (declining to award costs for electronic PDF, Mini, ASCII & E-TRAN versions of transcripts, and disallowing expedited deposition transcripts without a tailored explanation), *report and recommendation adopted*, 2023 WL 4160639 (S.D. Fla. June 23, 2023); *Nelson v. N. Broward Med. Ctr.*, No. 12-61867-CIV, 2014 WL 2195157, at *3 (S.D. Fla. May 27, 2014) (finding "costs incurred as a result of digital or condensed copies of transcripts, word indexes, or copies of exhibits are generally not recoverable" absent the moving party demonstrating need); *Mid-Continent Cas. Co. v. JWN Constr., Inc.*, No. 17-80286-CV, 2019 WL 8402872, at *6 (S.D. Fla. July 29, 2019) (witness read-and-sign service not recoverable absent showing from movant as to why it was essential to the resolution of the case), *report and recommendation adopted*, 2019 WL 8402871 (S.D. Fla. Dec. 5, 2019), *aff'd*, 823 F. App'x 923 (11th Cir. 2020). "Similarly, 'costs for litigation support or for electronic processing,' including archival and synchronization," are for the convenience of counsel and not taxable. *Levesque*, 2022 WL 1667409, at *3 (quoting *Sloan*, 2020 WL 5904286, at *3).

Accordingly, the undersigned **RESPECTFULLY RECOMMENDS** reducing the total amount sought by $1,235.26 and awarding Defendant **$5,856.86** for deposition transcripts.

**2. Fees for Transcript of Discovery Hearing**

Defendant seeks $160.05 in costs for the expedited transcript of a court hearing held on March 3, 2022. Like deposition transcripts, hearing transcripts fall under § 1920(2)'s allowance for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). "[W]here a Court's order or ruling on motions and discovery matters refers to the record of pretrial and discovery hearings, transcript copies of the hearings are deemed

reasonably necessary and are recoverable costs to the prevailing party." *Zokaites v. 3236 NE 5th St., Inc.*, No. 07-60670-CIV, 2008 WL 4792451, at *4 (S.D. Fla. Oct. 31, 2008) (citation omitted).

Here, the March 3, 2022 hearing arose out of a discovery dispute as to whether Plaintiff could properly compel the deposition of Ramsay. Judge Becerra's Order on the motion to compel explicitly refers to the "reasons stated at the hearing," ECF No. 59, and Ramsay argues that "a copy of the transcript was necessary so that the oral guidelines and parameters on the deposition could be followed and enforced." ECF No. 168 at 5. Ramsay also explains that "the deposition was scheduled to take place within weeks of the Court's hearing," thus showing the need for an expedited turn-around time. *Id.*; *see Blanco*, 2023 WL 4160667, at *4. The Court finds that the expedited hearing transcript was "reasonably necessary and [is a] recoverable cost[] to the prevailing party." *Zokaites*, 2008 WL 4792451, at *4.

Accordingly, the undersigned **RESPECTFULLY RECOMMENDS** awarding Ramsay **$160.05** for hearing transcripts.

3. **Fees for Exemplification and the Cost of Making Copies**

Defendant seeks to recover $579.15 in fees incurred for "actual copying and printing costs incurred in this case." ECF No. 168 at 5. The Court may tax costs "for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Prevailing parties can recover copying costs that they believed were reasonably necessary. *See EEOC*, 213 F.3d at 623.

Here, Defendant lists 28 individual documents totaling 5,644 black and white pages ($0.10 per page) and 59 color pages ($0.25 per page). ECF No. 168 at 5. Defendant explains that these copies of these exhibits were used "during preparation of the summary judgment filing and for preparing exhibits to be used at trial." *Id.* Plaintiff has not challenged Defendant's characterization

of its printing and copying costs. Accordingly, Defendant is entitled to recover these fees. *See White v. Creative Hairdressers, Inc.*, No. 11-60723-CIV-MARTINEZ/MCALILEY, 2013 WL 12140370, at *3 (S.D. Fla. July 15, 2013) (citing *Fla. Keys Citizens Coal., Inc. v. U.S. Army Corp. of Eng'rs*, 386 F. Supp. 2d 1266, 1270 (S.D. Fla. 2005) ("Photocopies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are all recoverable.")), *report and recommendation adopted*, 2013 WL 12142368 (S.D. Fla. Aug. 22, 2013).

Accordingly, the undersigned **RESPECTFULLY RECOMMENDS** awarding Ramsay **$579.15** for exemplification and copies.

### III.   CONCLUSION

Having carefully reviewed the Motion—and noting that the Plaintiff has failed to file any opposition to the Motion—the undersigned finds that, of the $7,847.99 in costs sought, Defendant Ramsay is entitled to recover the following: (1) $5,856.86 for deposition transcripts necessarily obtained for use in this case; (2); $160.05 for hearing transcripts necessarily obtained for use in this case; and (3) $579.15 for fees for exemplification and costs associated with making copies. Such costs, totaling **$6,596.06**, are properly taxable pursuant to 28 U.S.C. § 1920.

Based on the foregoing, the undersigned **RESPECTFULLY RECOMMENDS** that Defendant's Motion for Bill of Costs, ECF No. 167, be **GRANTED IN PART AND DENIED IN PART**, and that the Defendant be awarded **$6,596.06** in taxable costs.

Within fourteen (14) days from the date of receipt of this Report and Recommendation, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge.  Failing to file timely objections will bar a de novo determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district

court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 28th day of January, 2025.

EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Jose E. Martinez
      Counsel of Record